# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RODOSVALDO POZO,

        Plaintiff,

v.                                                       Case No. 08-C-716

OFFICER HERWIG and CAPTAIN GEGARE,

        Defendants.

## DECISION AND ORDER

The plaintiff, Rodosvaldo Pozo, who is incarcerated at Racine Correctional Institution, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.

The Seventh Circuit has sanctioned this plaintiff in accordance with *Support Systems Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995) (per curiam). In an order dated April 11, 2007, the Seventh Circuit fined the plaintiff $500 and ordered: "Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit ...." *Pozo v. Schneiter*, No. 07-1762, slip op. (7th Cir. Apr. 11, 2007). This court has contacted the Seventh Circuit Court of Appeals and confirmed that the plaintiff has not paid the fine he owes to the Seventh Circuit and that the plaintiff remains on the Seventh Circuit's restricted filer list.

The plaintiff acknowledges that he has incurred three "strikes" under 28 U.S.C. § 1915(g), but asserts that he is in imminent danger. Unlike the three strike provision of 28 U.S.C. § 1915(g), *Mack* does not provide an imminent danger exception. 45 F.3d at 186 (The only exceptions to a *Mack* order are "for any criminal

case in which [the plaintiff] is a defendant and for any application for habeas corpus that he may wish to file."). Accordingly, the plaintiff's motion for leave to proceed *in forma pauperis* will be denied.

The plaintiff's complaint was lodged with this court on August 22, 2008, but a prisoner's complaint is not "filed" for the purposes of the Prison Litigation Reform Act until his motion for leave to proceed *in forma pauperis* has been acted on, one way or the other. *Thurman v. Gramley*, 97 F.3d 185, 189 (7th Cir. 1996), overruled on other grounds by *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Consistent with the Seventh Circuit's *Mack* order, the plaintiff's complaint will not be filed. This case will be dismissed.

In addition to the fine referenced above, the Clerk of Court has confirmed that the plaintiff owes a significant debt to this court. The Clerk's Office will be instructed to apply the $2.00 initial partial filing fee paid in this case to the plaintiff's debt in *Pozo, et al. v. Hein, et al.*, Case No. 02-C-0414 (E.D. Wis.).

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly;

**IT IS FURTHER ORDERED** that the Clerk's Office apply the $2.00 initial partial filing fee paid in this case to the plaintiff's debt in *Pozo, et al. v. Hein, et al.*, Case No. 02-C-0414 (E.D. Wis.);

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge